FRANK, Judge.
The appellants, collectively referred to as Bellwether, have sought review of an interlocutory order granting Perimeter’s motion for summary judgment determining only the question of liability upon a theory of unjust enrichment. We find error in the trial court’s disposition of this matter.
The record discloses that Sunglass Place No. 90, a subsidiary of Sun Glasses Unlimited, Inc., leased space in the Countryside Mall. Sunglass Place entered into a contract with J. Anthony Gray & Associates for the improvement or modification of the leased premises. It failed to satisfy the obligation to Gray and a lien was filed against certain property owned by Sun-glass Place. Gray assigned its lien and contract action to Perimeter. In its original complaint, Perimeter sued Sunglass Place and Sun Glasses Unlimited, Inc. Perimeter amended its complaint to add Bellwether, the owner of Countryside Mall, and to assert a claim against Bellwether for breach of an implied contract. Perimeter alleged that Bellwether requested, required and accepted the labor, services and materials provided by Gray and that Bellwether would be unjustly enriched if it were not required to pay the reasonable value of those items. Bellwether initially responded to the amended complaint in an answer containing affirmative defenses and a motion to dismiss grounded upon the contention that Perimeter had not pleaded a cause of action.
On August 12, 1986, Perimeter filed a motion for partial summary judgment encompassing only the question of Bellwether’s liability. At a pretrial conference held on September 2, 1986, Bellwether agreed to withdraw the motion to dismiss contained in its answer, apparently in exchange for being permitted to file an amended answer and a third party complaint denominating Sunglass Place and the assignee of its lease, Amailu Corporation, *734 Inc., as third party defendants.[1] Perimeter’s motion for summary judgment, although noticed to be heard at the pretrial conference, was renoticed on September 10, 1986, for a hearing on October 6, 1986. Consistent with the understandings reached with the trial court at the pretrial conference, on September 24, 1986, Bellwether filed several documents: a motion to withdraw its motion to dismiss, a motion for leave to file an amended answer and third party complaint, and an amended answer incorporating a third party complaint. Bellwether simultaneously filed a renewed motion to dismiss or to abate the action attacking for the first time Perimeter’s status as a foreign corporation not authorized to do business in Florida; it also propounded interrogatories to and served a request to produce upon Perimeter.
On October 6, the trial court entertained and granted Perimeter’s motion for summary judgment. Perimeter offered the deposition of Frank McGuire, a Bellwether employee, and Bellwether provided the trial court with unverified documents it had acquired from Corporate Information Services indicating that Perimeter, and its assign- or, Gray, had not registered with the Secretary of State’s office in accordance with section 607.354(1), Florida Statutes (1985), thus disabling Perimeter from maintaining its action. Thereafter, on October 9, 1986, the trial court entered an order memorializing its October 6 bench ruling; the trial court found that Bellwether was liable for the indebtedness owed to Gray and hence, to Perimeter. Following receipt of the October 9, order, Bellwether’s attorney directed a letter to the trial court on October 13, 1986, stating that:
My objection to the Order is to the effect that I need a finding of fact that Perimeter Acoustical & Walls, Inc., the plaintiff, is a Georgia corporation which is in fact pled in the pleadings and I need the finding that they are not authorized to do business in the State of Florida.
,If this Amended Order meets with your approval, please execute same at your convenience. By copy of this letter, I am forward (sic) a copy of this Amended Order to Matthew Mudano and asking that if he has any objections to the Order, to advise you within 5 days of receipt of same.
Following the filing of the notice of appeal on October 27, 1986, the trial court on November 3, 1986, entered Bellwether’s proposed order finding “[t]hat the Plaintiff, Perimeter Acoustical & Walls, Inc., is a Georgia corporation not authorized to do business in the State of Florida,” but nonetheless stating that Perimeter is entitled to judgment as a matter of law. The apparent internal conflict in the November 3 order is bewildering, and especially in light of the fact that the order does not indicate whether Perimeter enjoys the benefit of section 607.304(2), Florida Statutes (1985), a point we do not decide and leave to the trial court upon remand for initial determination for that order is not before us and plays no part in our resolution of this matter.
The timing of the procedural events before the trial court leaves no question that the entry of a partial summary judgment in favor of Perimeter on October 9 was premature. At the pretrial conference held on September 2, the trial court permitted Bellwether to file an amended answer and a third party complaint. That pleading was filed on September 24, and only 12 days had elapsed prior to the October 6 hearing at which the trial court granted Perimeter’s motion for partial summary judgment.
Bellwether correctly asserts that it was improper for the trial court to grant Perimeter’s motion for summary judgment just days after Bellwether’s discovery had been initiated. See, e.g., A & B Pipe And Supply Co. v. Turnberry Towers Corp., 500 So.2d 261 (Fla. 3d DCA 1986); Moore v. Freeman, 396 So.2d 276 (Fla. 3d DCA 1981).
*735 vacate the summary We reverse and judgment granted Perimeter and remand this matter for further proceedings consistent with this opinion.
CAMPBELL,. A.C.J., and SCHOONOVER, J., concur.

. It appears that Sunglass Place should properly have been denominated a cross-defendant in a cross-claim filed by Bellwether. Its status as a pleaded third party defendant does not, however, alter the result we reach. The concepts essential to our disposition of this proceeding are applicable to Bellwether in either circumstance.