623 So.2d 859 (1993)
Laura SICA, Appellant,
v.
SAM CALIENDO DESIGN, INC., Royal Palm Improvement Association, Inc., and City of Boca Raton, Appellees.
No. 92-2827.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Joel Kenwood of Kenwood, Selman & Claire, Boca Raton, for appellant.
G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellee  Sam Caliendo Design, Inc.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Robert F. Goodrich of Law Offices of Alan L. Landsberg, Hollywood, for appellee  Royal Palm Imp. Ass'n., Inc.
BIRKEN, ARTHUR M., Associate Judge.
This case comes before this court on an appeal by the plaintiff, appellant Laura Sica, from adverse summary final judgments granted by the trial court.
There initially were two defendants whose motions for summary judgment were granted. Upon reviewing the record, we are satisfied that the trial court was correct in granting the motion relative to the Royal Palm Improvement Association, Inc.; however, we are also of the opinion that granting the motion in favor of Sam Caliendo Design, Inc. was premature.
The focus herein involves a trip and fall over some concrete that had been spilled onto the roadway of a street in appellant's subdivision. Appellee Sam Caliendo Design, Inc., allegedly was responsible for spilling the concrete some years ago when it was building houses in that area. By her own admission, the appellant tripped and fell on the same concrete spill approximately two years prior to the subject fall that occurred on December 10, 1990. Appellant, who was seventy-seven years old at the time of the second incident, also testified that she walked the same two mile route daily and whenever she passed the spot she would walk around the concrete so as to avoid it.
There are additional facts concerning the incident which this court need not explore in *860 any great detail. The issue concerning this appeal is that Mr. Sam Caliendo had been scheduled for a deposition. As an accommodation to counsel for Mr. Caliendo, appellant's attorney agreed to reset the date of the deposition. The deposition was rescheduled. A motion for summary judgment was scheduled prior to the date of the rescheduled deposition. However, counsel for appellee would not agree to reset the summary judgment hearing and the deposition of Mr. Caliendo was not moved up. Over objection of counsel for appellant, the hearing on the motion for summary judgment was conducted and summary judgments were entered adversely to appellant.
Regardless of whether counsel's actions were unintentional, this court still cannot sanction such conduct which allowed the deposition to be avoided prior to the summary judgment hearing. While it was argued that appellee Calendo's case was so strong that any error was essentially harmless, we cannot agree because there is no way to determine what may or may not have been said during the course of the avoided deposition.
In Dannar v. Bay Steel Corp., 445 So.2d 704, 705 (Fla. 4th DCA 1984), this court held that if a deposition has been properly noticed and there is no protective order, nor one sought, the plaintiff is entitled to a deposition before his lawsuit is summarily disposed of. See also Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987) ("Facts upon which the court based its decision were not fully developed because discovery was in progress, and depositions were pending. Summary judgment was therefore premature.").
For the reasons stated above, the trial court's decision granting summary judgment in favor of Sam Caliendo Design, Inc., is reversed and remanded to the trial court for further proceedings. The decision as to the defendant Royal Palm Improvement Association, Inc., is affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.