PER CURIAM.
This is an appeal from a summary final judgment. We reverse because appellee/de-fendant failed to meet its burden of establishing the absence of a genuine issue of material fact.
Appellants/plaintiffs sued the defendant and alleged that the plaintiff wife had been struck in the back by defendant’s stock cart, which we assume to be something different than a grocery cart used by customers. Plaintiffs also alleged that the entrance area to defendant’s store was not properly maintained.
Early on, plaintiffs tendered the following interrogatory, among others, to the defendant:
23. List the names, addresses and telephone numbers of all stock boys and bag boys who were working at the Publix Su *1142 permarket located at 150 S. Federal Highway, Deerfield Beach, Florida on the accident date.
The defendant stonewalled the plaintiffs by responding as follows:
Object — question does not call for information which would be relevant or material, is not reasonably calculated to lead to discovery of admissible evidence.
Much later, when the trial court entered summary judgment against the plaintiffs, that interrogatory had 'apparently still not been completely answered by the defendant as there was a pending motion to compel it to answer same in accordance with the trial court’s previous order to do so. We are at a loss to understand how the summary judgment was entered with the plaintiffs’ motion to compel still pending. Appellee has provided no reliable answer to our question, and at oral argument was still unable to say with certainty if the addresses had been provided as ordered by the trial court.
Under the circumstances the entry of a summary judgment was premature as well as having no foundation in the record.
GLICKSTEIN, FARMER and KLEIN, JJ., concur.