666 So.2d 199 (1995)
UFF DAA, INC., D/B/a Cape Colony Resort, Appellant,
v.
TOWNE REALTY, INC., etc., Appellee.
No. 95-0281.
District Court of Appeal of Florida, Fifth District.
December 22, 1995.
Rehearing Denied January 19, 1996.
*200 Howard Poznanski, Tamarac, for Appellant.
Allan P. Whitehead of Mosley, Wallis & Whitehead, P.A., Melbourne, for Appellee.
ANTOON, Judge.
UFF DAA, Inc. (UFF), appeals the final summary judgment entered by the trial court in favor of Towne Realty, Inc., contending that the judgment was entered prematurely because discovery had not been completed. We agree and, therefore, reverse.
UFF sued Towne Realty seeking damages for breach of contract and unjust enrichment. As a part of its pretrial discovery, UFF noticed two of Towne Realty's corporate officers to attend depositions in Florida. Both corporate officers failed to appear, and, as a result, UFF filed a motion to compel discovery and a motion for sanctions. At the time the summary judgment was entered, UFF's motions were still pending.
Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure, including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending. See Sica v. Sam Caliendo Design, Inc., 623 So.2d 859 (Fla. 4th DCA 1993); Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987). Application of this case law demonstrates that the instant summary judgment order was entered prematurely.
Towne Realty maintains that, although discovery had not been completed, reversal of the summary judgment order is not warranted in this case because Towne Realty's corporate officers are residents of Wisconsin, and, therefore, they were not required to attend depositions in Florida. See Fla.R.Civ. Pr. 1.410. We reject this argument because the instant record contains no evidence on this issue, and Towne Realty did not file a motion for protective order. Towne Realty also contends that reversal is not warranted in this case because it was UFF's obligation to have its motion to compel discovery and motion for sanctions heard prior to the hearing on the motion for summary judgment, since it was UFF that wanted the trial court to consider the testimony of corporate officers before deciding whether entry of summary judgment was appropriate. It is our view that, since Towne Realty was the party seeking summary judgment, before entry of the judgment, its corporate officers should have appeared for deposition or Towne Realty should have obtained protective relief from the court.
In summary, the trial court erred in entering summary judgment in this case because UFF's motions regarding the depositions of Towne Realty's corporate officers were still pending, and the state of the record prevents us from determining whether their attendance was required. Accordingly, the summary judgment in favor of Towne Realty is reversed and this matter remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and THOMPSON, JJ., concur.