673 So.2d 975 (1996)
Jerome LUBARSKY and Thelma Lubarsky, his wife, Appellants,
v.
SWEDEN HOUSE PROPERTIES OF BOCA RATON, INC., and Worldly Ways, Inc., d/b/a Seafood Connection, jointly and severally, Appellees.
No. 95-1182.
District Court of Appeal of Florida, Fourth District.
May 29, 1996.
*976 Michael E. Wargo and Andrew K. Fein of Rutherford, Minerley & Mulhall, P.A., Boca Raton, for appellants.
Pamela R. Kittrell of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for appellees.
POLEN, Judge.
Jerome and Thelma Lubarsky appeal from a final summary judgment entered in favor of Sweden House Properties of Boca Raton, Inc. We reverse.
On May 18, 1992, Thelma Lubarsky was injured when she slipped and fell as she was exiting her vehicle in the parking lot of the Seafood Connection restaurant in Boca Raton. The Seafood Connection is operated by Worldly Ways, Inc., d/b/a Seafood Connection, who leases the premises from Sweden House. Section nine of the lease between Sweden House and Worldly Ways reads as follows:

SECTION 9. The Landlord may, during the term of this lease, at reasonable times, enter to inspect the premises, or to make any alterations or repairs to the demised premises that may be necessary for its safety or preservation, and may show the premises buildings to others.
In August of 1993, the Lubarskys instituted the instant negligence action against both Worldly Ways and Sweden House. The Lubarskys' theory of recovery against Sweden House was that Sweden House had exercised possession and control over the leased premises pursuant to the above quoted section 9 of the lease, and was therefore a party responsible for the dangerous condition of the parking lot. Sweden House filed a motion for summary judgment which was heard on February 24, 1995. The Lubarskys filed a motion to continue the summary judgment hearing which was heard on the same day as the summary judgment hearing. The basis for the motion to continue was that the Lubarskys had been unable to serve for deposition, Jack Iding, a corporate principal of Sweden House, because he was in Mexico and would not return until April. The Lubarskys allege that Iding's deposition would shed light on the issue of Sweden House's control of the premises because Henry Slater, another Sweden House corporate officer, testified at his deposition that although he had not personally entered the leased premises during the term of the lease, he believed that one of the other two corporate principals may have done so. The trial court deferred ruling on the motion for continuance, until the end of the hearing on the motion for summary judgment. The trial court ultimately took both motions under advisement, but ended up granting the motion for summary judgment. The final summary judgment was entered on March 14, 1995.
We hold that the trial court erred by not granting the Lubarskys' motion for continuance of the summary judgment hearing. A *977 continuance would have given the Lubarskys the opportunity to determine if Sweden House executed its right of inspection or control as provided for in paragraph 9 of the lease between it and Worldly Ways. We find the following language from the second district's opinion in Brandauer v. Publix Super Markets, Inc., 657 So.2d 932 (Fla. 2nd DCA 1995), instructive at bar:
Summary judgment should not be granted until the facts have been sufficiently developed for the court to be reasonably certain that no genuine issue of material fact exists. Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987). As a general rule, a court should not enter summary judgment when the opposing party has not completed discovery. Singer; Colby v. Ellis, 562 So.2d 356 (Fla. 2d DCA 1990).
Here, the court granted summary judgment in favor of the defendant approximately six months after the plaintiff filed suit. Mr. Brandauer had not yet deposed any representative of the corporate defendant. While we reiterate that a party does not have an unlimited right to discovery before a hearing on a motion for summary judgment, see Colby, we hold the entry of summary judgment under these facts was premature.
At bar, it is true that there was more than six months from the time the case was filed until the summary judgment motion was filed. However, the Lubarskys were still equally diligent in seeking the deposition of Iding. The Lubarskys noticed Iding's deposition for February 1, 1995, after the summary judgment hearing was set, which was a sufficient amount of time before the February 24, 1995, hearing on the summary judgment. The date was later changed to February 8th and February 15th, but the Lubarskys were still unable to proceed with Iding's deposition because they were unable to serve him. The process server was informed that Iding would be in Mexico until April. Consequently, the Lubarskys renoticed Iding's deposition for April 17, 1995, and moved to continue the summary judgment hearing until the deposition could be taken. We see no reason why this short continuance should not have been granted, so that the summary judgment could be determined based on all pertinent facts. See also Sica v. Sam Caliendo Design, Inc., 623 So.2d 859 (Fla. 4th DCA 1993) (trial court erred in entering summary judgment adversely to plaintiff, where discovery by plaintiff was still in progress with defendant's deposition pending); UFF DAA, Inc. v. Towne Realty, Inc., 666 So.2d 199 (Fla. 5th DCA 1995) (it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending). Accordingly, we reverse and remand so that the Lubarskys can take Iding's deposition before further proceedings on the summary judgment take place.
DELL and SHAHOOD, JJ., concur.