707 So.2d 949 (1998)
FLEET FINANCE & MORTGAGE, INC., a Florida corporation, Appellant,
v.
James R. CAREY, Candice V. Carey, and James Rains, Her Husband, Appellees.
No. 97-2673.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
R. Hugh Lumpkin and Karl Schumer of Keith Mack LLP, Miami, for Appellant.
Donald J. Kisslan of Henderson & Kisslan, Davie, for Appellee-James R. Carey.
BROWNELL, SCOTT M., Associate Judge.
Fleet Finance & Mortgage, Inc. (Fleet) appeals a summary final judgment quieting title in favor of James R. Carey (Carey).
Fleet claims the summary judgment was improperly granted because Fleet had not completed discovery and because a genuine issue of material fact existed. We agree and reverse.
The essential facts are these: Carey purchased a home into which his daughter Candice Carey (Candice) and her husband moved. In January of 1995, a quit claim deed was prepared purporting to bear Carey's signature, transferring the property from Carey to Candice. In October 1995, Candice borrowed $75,757.58 from Fleet, secured by a mortgage on the home in question.
Carey claims that he did not know of or authorize the transfer of property to his daughter, he knew nothing about placing the mortgage on the property, and took no benefit from the mortgage. In February of 1996, Carey filed suit to rescind the deed and mortgage.
In June of 1997, Carey's summary judgment motion was heard and, after denial of Fleet's motion to continue, was granted.
The record discloses the following: Fleet attempted to take the deposition of Candice four times, one of which Fleet cancelled. Candice refused to appear at the other three depositions. The last refusal to appear was in spite of an order compelling her to give *950 her deposition. On the date of the summary judgment, Candice finally agreed to be deposed, fifteen days hence. This fact was disclosed to the court in Fleet's motion for rehearing, which the court denied as well.
The record also discloses that attached to Fleet's verified motion to continue was a photocopy of a $25,000.00 cashier's check from Candice's husband to Carey issued moments after the Fleet loan closed.
This court has held on many occasions that "a court should not enter summary judgment when the opposing party has not completed discovery." Lubarsky v. Sweden House Properties of Boca Raton, Inc., 673 So.2d 975, 977 (Fla. 4th DCA 1996) (quoting Brandauer v. Publix Super Markets, Inc., 657 So.2d 932, 933 (1995)). See also Sica v. Sam Caliendo Design, Inc., 623 So.2d 859 (Fla. 4th DCA 1993); Moore v. Freeman, 396 So.2d 276 (Fla. 3d DCA 1981) (trial court's granting of summary judgment was premature where the opposing party, through no fault of his own, had not completed discovery). Further, it is reversible error to grant summary judgment where depositions are still pending. See Sica.
Finally, the check, at the very least, creates an inference that Carey did benefit from the Fleet Loan, and may have ratified it. It hardly needs to be repeated here that if the slightest doubt exists about the presence of an issue of fact, then summary judgment cannot be granted. Fine Arts Museum Found. v. First Natl. in Palm Beach, 633 So.2d 1179 (Fla. 4th DCA 1994). The summary judgment is reversed and the matter is remanded to the trial court for further proceedings.
KLEIN and GROSS, JJ., concur.