PER CURIAM.
Mitchell and Karen Epstein appeal the trial court’s final summary judgment in favor of Runabouts of Coral Springs, Inc. d/b/a Dan Marino’s Town Tavern (“Dan Marino’s”). We reverse.
On April 10, 1996, Mitchell Epstein slipped and fell on a greasy substance near a dumpster located in a common area used by the tenants of the shopping center where Epstein’s business was situated. The Epsteins filed a personal injury action against Guidance Corporation, Inc., the owner of the shopping center, and Runabouts of Coral Springs, Inc. d/b/a Dan Marino’s Town Tavern (“Dan Marino’s”), a co-tenant. On August 25, 1998, Dan Mari-no’s filed a motion for summary judgment alleging that the Epsteins failed to establish that Dan Marino’s created the dangerous condition, owed Mitchell Epstein a duty of care, and breached that duty of care. During the October 16, 1998 summary judgment hearing, appellants’ counsel informed the trial court that the depositions of Harold Bajusz and Dave Segal, employees of Dan Marino’s, had been scheduled for October 9, 1998, but were canceled by defense counsel on October 8, 1998. Counsel argued that the case was not ripe for summary judgment because discovery was not complete. The trial court allowed the hearing to proceed and granted the motion in favor of Dan Mari-no’s.
*138 Summary judgment “should not be granted until the facts have been sufficiently developed to enable the court to be reasonably certain that there is no genuine issue of material fact.” Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987). See Lubarsky v. Sweden House Properties of Boca Raton, Inc., 673 So.2d 975, 977 (Fla. 4th DCA 1996). As a general rule, ‘“a court should not enter summary judgment when the opposing party has not yet completed discovery.’ ” Fleet Fin. & Mortgage, Inc. v. Carey, 707 So.2d 949, 950 (Fla. 4th DCA 1998) (quoting Lubarsky, 673 So.2d at 977). Here, the trial court should not have ruled on the motion for summary judgment until discovery was completed because the depositions of Dan Marino’s employees may provide relevant evidence concerning the issues in this case. See Fleet Fin., 707 So.2d at 950; Henderson v. Reyes, 702 So.2d 616 (Fla. 3d DCA 1997); Collazo v. Hupert, 693 So.2d 631 (Fla. 3d DCA 1997). Accordingly, we reverse the summary final judgment in favor of Dan Marino’s and remand for further proceedings.
REVERSED and REMANDED.
DELL, POLEN and FARMER, JJ., concur.