PER CURIAM.
We reverse the summary judgment entered in favor of Sears, Roebuck and Co. in this slip and fall action brought by a Sear’s shopper. Miriam Sanchez alleged that she was injured when she slipped on a fallen Sear’s store sign. A review of the record demonstrates that summary judgment was granted before the facts of the case were sufficiently developed to enable the trial court to be reasonably certain that no genuine issue of material fact existed. See Epstein v. Guidance Corp., Inc., 736 So.2d 137 (Fla. 4th DCA 1999); Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987); see also Lubarsky v. Sweden House Properties of Boca Raton, Inc., 673 So.2d 975 (Fla. 4th DCA 1996). “A court should not enter summary judgment when the opposing party has not yet completed discovery.” Fleet Fin. & Mortgage, Inc. v. Carey, 707 So.2d 949, 950 (Fla. 4th DCA 1998) (quoting Lubarsky, 673 So.2d at 977); See Henderson v. Reyes, 702 So.2d 616 (Fla. 3d DCA 1997); Collazo v. Hupert, 693 So.2d 631 (Fla. 3d DCA 1997).
Accordingly, the order under review is reversed and remanded.