WARNER, J.
We reverse the trial court’s order dismissing this mortgage foreclosure action. The court dismissed the action as a sanction, but under the facts of this case, the court abused its discretion. Appellees concede error.
Appellant filed its complaint to foreclose its mortgage on appellees’ property in March 2010. Appellees filed a motion to dismiss the cause of action. No further action in the case occurred, and in August 2011, the court sent a notice of lack of prosecution with a hearing date. However, prior to the hearing date, the court dismissed the action for pleading deficiencies. When the appellant moved to vacate the dismissal, pointing out that the pleading was not deficient, the trial court vacated the dismissal but ordered that the appellant was required to prosecute the case to final disposition within sixty days or the case would be sua sponte dismissed by the court.
In compliance with this order, the appellant filed a motion for summary judgment and set it for hearing within the sixty days allowed. Thereafter, appellees filed an answer and affirmative defenses, demanded a jury trial, and filed requests for discovery. Due to the filing of appellees’ answer, the appellant sought an extension of time and relief from the court’s sixty-day deadline, pointing out that the appellees had answered and demanded discovery which could not be completed by the deadline. Despite this, the trial court sua sponte dismissed the case because the appellant failed to prosecute the case to final disposition within the sixty days. From this order this appeal is taken.
“It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations.” Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995). In using dismissal as a sanction, a court must find that the party’s conduct is “willful or contumacious,” and it must make such a finding in the written order. Id.
In this case, the trial court did not make any finding of willfulness. Based upon the record, no willfulness could be shown. After the trial court set the arbitrary sixty-day deadline, the appel-lees filed an answer and demands for discovery. “As a general rule, ‘a court should not enter summary judgment when the opposing party has not yet completed discovery.’ ” See Epstein v. Guidance Corp., Inc., 736 So.2d 137, 138 (Fla. 4th DCA 1999) (quoting Fleet Fin. & Mortg., Inc. v. Carey, 707 So.2d 949, 950 (Fla. 4th DCA 1998)). For the appellant to have gone ahead with the summary judgment while appellees’ demands for discovery were outstanding would merely have invited an appeal from any judgment entered by the court. Appellant was not willfully delaying the proceedings when appellees’ actions necessitated the cancellation of the summary judgment hearing in not attempting to improvidently schedule proceedings when the case was not ripe for its motion for summary judgment.
We understand the court’s desire to keep its docket current. However, holding *1272 to the sixty-day deadline when the appel-lees’ filing of answers and discovery prevented the action from proceeding to final disposition within those sixty days was an abuse of discretion.

Reversed and remanded for further proceedings.

CIKLIN and LEVINE, JJ. concur.