DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

VINCENT J. KROCKA,

Appellant,

v.

PUBLIC STORAGE, INC. and UNKNOWN THIRD-PARTY AUCTION
BIDDER,

Appellees.

No. 2D2024-1022
_____

October 29, 2025

Appeal from the Circuit Court for Hillsborough County; Jennifer
Gabbard, Judge.

Jeremy D. Bailie, Timothy W. Weber, and Sandford Blaine Kinne of
Weber, Crabb & Wein, P.A., St. Petersburg, for Appellant.

Jeffrey R. Geldens of Lewis Brisbois Bisgaard & Smith LLP, Coral Gables,
for Appellee Public Storage, Inc.

No appearance for remaining Appellee.

VILLANTI, Judge.

Vincent J. Krocka appeals the trial court's final summary judgment
for Public Storage, Inc. We have jurisdiction. Fla. R. App. P.
9.030(b)(1)(A). Because Mr. Krocka provided Public Storage with a
written change-of-address under section 83.803(1), Florida Statutes
(2021), Public Storage's notice of sale to Mr. Krocka's former address did
not comply with section 83.806 and the trial court entered final

summary judgment in error.  Further, the trial court's ruling on the motion for summary judgment was premature because material discovery was ongoing.  Accordingly, we vacate the trial court's final summary judgment and remand for further proceedings.

## Background

In 2004, Mr. Krocka rented a self-service storage unit from Public Storage.  Soon after, Mr. Krocka enlisted the help of various agents to timely make the unit's monthly lease payments for him, and those agents did so for the next fourteen years, apparently without incident.  In 2018, when Michael Sperber, Mr. Krocka's final agent, changed his physical address, Mr. Krocka notified Public Storage by letter dated June 7, 2018.  Mr. Krocka sent the letter to Public Storage by certified mail.

In the letter, Mr. Krocka referenced unit 3126 as being in the name of his son, Jeffery Krocka, and asked that it be changed to his name.  The letter also addressed a second unit "Account Number Unknown/Unit unavailable info."  Mr. Krocka had been paying the rent for both units through his agents.  The letter notified Public Storage that "[t]he rental billing documents each month for both units[] should be sent to my Agent who holds my Durable Power of Attorney."  The letter next provided Mr. Sperber's full name and an updated mailing address, as well as Mr. Sperber's email address and telephone number even though they had not changed throughout the time Mr. Sperber had been making the monthly payments on Mr. Krocka's behalf.  The unit Mr. Krocka did not identify by unit number was unit 3217.

The letter continued, "Should the time ever occur that the rental fees [are] not paid and the units are about to be put up for auction, please contact my attorney and notify her that the situation can be rectified to avoid the units going to auction."  Mr. Krocka's letter then

2

provided the name, mailing address, email, and phone number for his attorney.  Mr. Krocka's name ("Vincent J. Krocka") and his then-current Arizona mailing address were printed at the top of the letter.  In the proceedings below, Public Storage acknowledged receipt of Mr. Krocka's letter.

Twelve months later, when the June 2019 rent payment for unit 3217 was not made, Public Storage sent a notice to a pre-June 7, 2018, address for Mr. Krocka, called his old phone number and left voicemail,[1] and then near the end of July 2019, Public Storage auctioned unit 3217.

Mr. Krocka sued Public Storage for breach of contract, trespass to chattel property, conversion, and negligence, all arising from the sale of unit 3217.  Public Storage's amended motion for summary judgment argued that the sale of Mr. Krocka's unit "was lawful" because Mr. Krocka's June 7, 2018, letter did not specifically say "unit 3217," and therefore the letter was not a written change of address under section 83.803.  Public Storage argued that it followed the language of Mr. Krocka's lease as well as sections 83.803 and 83.806 by mailing the required notice to the address on file *prior* to receiving Mr. Krocka's certified letter of June 7, 2018.

Mr. Krocka moved to stay the trial court's ruling on Public Storage's motion for summary judgment until he could depose Public Storage's district manager Elizabeth Hans, whose affidavit was attached to Public Storage's motion for summary judgment in support thereof.  On April 4, 2024, Mr. Krocka moved to compel production of documents "necessary for the purposes of inquiry with [Ms. Hans]."  Four days later,

---

[1] Although not material for resolution of this appeal, calling and leaving voicemail does not satisfy the notice requirement contained in section 83.806(1).

Mr. Krocka noticed Ms. Hans' deposition for the fourth time. Without ruling on Mr. Krocka's motions to stay or compel, on April 30, 2024—the same day Ms. Hans had been noticed for deposition—the trial court entered summary judgment in favor of Public Storage.

In the order granting summary judgment, the trial court concluded that because Mr. Krocka's June 7, 2018, letter did not provide "more specific information about the storage unit leased, the letter was insufficient to notify Public Storage of an address change" and therefore, "Public Storage lawfully conducted the sale of the property upon which it had a lien in accordance with the governing statutes and the lease."

## The Law

We review summary judgment de novo. *Cordero v. Fla. Ins. Guar. Ass'n*, 354 So. 3d 1150, 1153 (Fla. 2d DCA 2023) (citing *LoBello v. State Farm Fla. Ins.*, 152 So. 3d 595, 598 (Fla. 2d DCA 2014)). We likewise review a trial court's interpretation of a statute de novo. *Fitts v. Furst*, 283 So. 3d 833, 837 (Fla. 2d DCA 2019) (citing *Heine v. Lee County*, 221 So. 3d 1254, 1256 (Fla. 2d DCA 2017)). "[W]here the language of the statute is plain and unambiguous, there is no need for judicial interpretation." *Id.* (citing *State v. Bradford*, 787 So. 2d 811, 817 (Fla. 2001)). Courts should not go beyond the clear wording and plain meaning of an unambiguous statute to give it a different meaning. *City of Miami Beach v. Mia. New Times, LLC*, 314 So. 3d 562, 566 (Fla. 3d DCA 2020) (first citing *State v. City of Clearwater*, 863 So. 2d 149, 153 (Fla. 2003); and then citing *Streeter v. Sullivan*, 509 So. 2d 268 (Fla. 1987)). "When the words of a statute are plain and unambiguous and convey a definite meaning, courts . . . must read the statute as written . . . ." *Id.* at 566-67 (citing *Nicoll v. Baker*, 668 So. 2d 989, 990-91 (Fla. 1996)).

4

Florida Rule of Civil Procedure 1.510(a) provides that on a showing of no genuine dispute as to any material fact and entitlement to judgment as a matter of law, the trial court shall grant summary judgment. "The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard." Fla. R. Civ. P. 1.510(a). For the nonmoving party to survive summary judgment under the federal standard, she must "demonstrate that there is evidence 'upon which a jury could properly proceed to find a verdict' in her favor." *Casey v. Mistral Condo. Ass'n,* 380 So. 3d 1278, 1286 (Fla. 1st DCA 2024) (quoting *Modrowski v. Pigatto,* 712 F.3d 1166, 1168-69 (7th Cir. 2013)). "If the nonmoving party fails to make that showing, then the trial court should award summary judgment in favor of the moving party. If, however, the nonmoving party does demonstrate a genuine issue of material fact, then the trial court should deny the motion." *Id.* (citing Fla. R. Civ. P. 1.150(e)).[2]

While rule 1.510 does not prohibit entry of summary judgment prior to the completion of discovery, "it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending." *UFF DAA, Inc. v. Towne Realty, Inc.*, 666 So. 2d 199, 200 (Fla. 5th DCA 1995) (first citing *Sica v. Sam Caliendo Design, Inc.*, 623 So. 2d 859, 860 (Fla. 4th DCA 1993); and then citing *Singer v. Star*, 510 So. 2d 637, 639 (Fla. 4th DCA 1987)). Absent a protective order (or pending motion for protection), where a deposition has been properly noticed, a plaintiff is entitled to depose a principal of the corporate defendant prior to the plaintiff's lawsuit being summarily disposed of. *Sica*, 623 So. 2d at 860 (citing *Singer*, 510 So. 2d at 639). It is error to

---

[2] Now Fla. R. Civ. P. 1.510(e).

enter summary judgment where a motion to compel discovery is still pending. *UFF DAA, Inc.*, 666 So. 2d at 200.

Section 83.805 provides that a self-service storage unit owner holds a lien on the personal property located in a leased storage unit for the payment of rent. Section 83.806 outlines the procedure the unit owner must follow to enforce the lien on the contents of the unit. Before selling a unit's contents for nonpayment of rent to satisfy the owner's lien, the owner must take certain steps:

> The tenant shall be notified by written notice delivered in person, by e-mail, or by first-class mail with a certificate of mailing to the tenant's last known address and conspicuously posted at the self-service storage facility or on the self-contained storage unit. If the owner sends notice of a pending sale of property to the tenant's last known e-mail address and does not receive a response, return receipt, or delivery confirmation from the same e-mail address, the owner must send notice of the sale to the tenant by first-class mail with a certificate of mailing to the tenant's last known address before proceeding with the sale.

§ 83.806(1).

Section 83.803(1) defines "[l]ast known address" as "the street address or post office box address provided by the tenant in the latest rental agreement or in a subsequent written change-of-address notice provided by hand delivery, first-class mail, or e-mail."

**Analysis**

Mr. Krocka's June 7, 2018, letter—as the trial court correctly noted in its order granting summary judgment—did not identify storage unit 3217 by number. However, section 83.803(1) only requires that a tenant provide an updated street or post office box address via hand delivery, first-class mail, or email. Mr. Krocka's letter did so, and Public Storage does not dispute receipt of the letter.

6

By finding that because Mr. Krocka's June 7, 2018, letter was not a written change of address under section 83.803 because it did not contain Mr. Krocka's unit number, the trial court erroneously added a provision to section 83.803(1) that the legislature did not include in the plain and unambiguous language of the statute. *See Fitts*, 283 So. 3d at 837; *City of Miami Beach*, 314 So. 3d at 566-67. Mr. Krocka's letter notified Public Storage that of all possible tenants named "Vincent K. Krocka" at the 16217 North Dale Mabry location, he was the one whose son Jeffery Krocka rented unit 3126.[3] If Public Storage only maintains lease records by unit number and not tenant names, that is an internal administrative shortcoming that section 83.803(1) does not remedy.

Mr. Krocka's June 7, 2018, letter included everything section 83.803(1) requires. Public Storage's decision to disregard all three addresses therein and instead send the notice of sale to a prior address that had been superseded by the June 7, 2018, written change-of-address notice was insufficient under sections 83.803 and 83.806. Therefore, Public Storage failed to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in its favor, and the trial court entered summary judgment in error. *See Casey*, 380 So. 3d at 1286.

Furthermore, because the deposition of Public Storage's district manager was still pending when the trial court entered summary judgment, and Mr. Krocka's motions to compel and to stay summary judgment pending completion of that deposition were also pending, entry of summary judgment was premature. *See UFF DAA, Inc.*, 666 So. 2d at 200; *see also Abbate v. Publix Super Markets, Inc.*, 632 So. 2d 1141 (Fla.

---

[3] Mr. Krocka's lease expressly identified Jeffery Krocka as someone authorized to access unit 3217.

4th DCA 1994) ("We are at a loss to understand how the summary judgment was entered with the plaintiffs' motion to compel still pending."); *Sica*, 623 So. 2d at 860 (reversing summary judgment and remanding for further proceedings because summary judgment was entered before a rescheduled deposition occurred).

## Conclusion

We reverse the trial court's order granting final summary judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.