445 So.2d 704 (1984)
Daniel T. DANNA, Appellant,
v.
BAY STEEL CORPORATION and Florida Erection Service, Inc., Appellees.
No. 82-1356.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
J. Patrick Floyd, Fort Lauderdale, for appellant.
James W. Dawson of Fazio, Dawson & Disalvo, Fort Lauderdale, for appellee Bay Steel Corp.
Carolyn J. Bingham of Thornton & Herndon, Miami, for appellee Florida Erection Service, Inc.
LETTS, Judge.
A subcontracting steel supplier to a construction job sub-subcontracted out the actual erection of steel reinforcement rods to an erector service, which latter allegedly implanted the rods negligently so that the vertical points were exposed. As a result, a construction worker who fell from the fourth floor was impaled on the points. The trial judge granted summary judgment in favor of both the steel supplier and the erector service. We reverse.

As to the Steel Supplier
The plaintiff noticed the taking of the deposition of the steel supplier's corporate president and attempted to take it four times prior to the hearing on the motion for summary judgment. Each time he was thwarted by evasive tactics. On the fourth and final occasion, for example, the president simply failed to show. The steel supplier insists this recalcitrance was not prejudicial because there were affidavits on file by its president, and others, establishing (1) no obligation whatever at the site (2) the *705 subcontracting erector service had completed its task, left it in complete conformity with the standard practices of the industry, and nothing remained to be done except by the plaintiff's employer, the general contractor. Maybe so, but a defendant corporation cannot avoid a pertinent deposition of one of its officers by substituting self-serving affidavits. Where a deposition is appropriately noticed and no protective order is either sought or obtained, the plaintiff is entitled to that discovery before his law suit is summarily disposed of. This is not to say that a summary judgment as to the steel supplier may not still be appropriate if the fruits of the deposition produce no more facts and issues than are now on file. However, before that discovery takes place, summary judgment is premature under the facts of this case.

As to the Erector Service
The sub-subcontracting erector service bases its entitlement to summary judgment on there being no duty owed, it having complied with the custom and usage of the industry. The plaintiff argues that the pointed ends of the rods should have been sheathed by some protective device, while the defendants point out in their affidavits that such protection is never furnished for steel reinforcing rods under the custom and usage in the trade. However, "the responsibility for deciding facts presented as to such custom or trade usage is normally one to be submitted to a jury rather than to be determined by a court in summary proceedings... ." Fred S. Conrad Construction v. Exchange Bank, 178 So.2d 217, 221 (Fla. 1st DCA 1965). See also Homan v. County of Dade, 248 So.2d 235, 237 (Fla. 3d DCA 1971). As our Supreme Court has remarked, evidence of the general custom of others is not conclusive: "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it is usually complied with or not." Sea Board Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716, 718 (1927).
Accordingly, we reverse the trial court's ruling and remand for proceedings in accordance herewith.
We find the remaining points on appeal to be without merit.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.