500 So.2d 261 (1986)
A & B PIPE AND SUPPLY CO., A & B Utility Supplies, Inc., and A & B Steel Co., Appellants,
v.
TURNBERRY TOWERS CORP. and Turnberry Corp., Appellees.
No. 86-637.
District Court of Appeal of Florida, Third District.
December 16, 1986.
Rehearing Denied January 29, 1987.
Neil A. Shanzer, Miami, for appellants.
Siegfried, Kipnis & Rivera and Samuel C. Reiner, Coral Gables, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, question the correctness of a final summary judgment entered in favor of defendants. We reverse and remand upon the following briefly stated analysis.
Shortly after defendants filed their motion for summary judgment, plaintiffs noticed *262 defendants for depositions to be taken five days prior to the hearing on the motion. Defendants immediately moved for a protective order, requesting additional time to prepare to be deposed. On the date of the scheduled depositions, defendants failed to appear. Plaintiffs then moved for sanctions and/or to compel discovery, which motion, along with defendants' motion for a protective order, was never ruled upon. Following the hearing, final summary judgment was entered for defendants.
It is plaintiffs' position that their ability to defend against the summary judgment motion was thwarted by their inability to depose defendants.
We find merit in plaintiffs' contention. In Commercial Bank of Kendall v. Heiman, 322 So.2d 564, 564 (Fla. 3d DCA 1975), we held that:
it was premature for the trial court to award the defendant a summary judgment when the plaintiff, through no fault of its own, had not completed its discovery.
In Cullen v. Big Daddy's Lounges, Inc., 364 So.2d 839 (Fla. 3d DCA 1978), we relied upon Commercial Bank in reversing summary judgment for defendant, entered prior to plaintiffs' completion of their discovery and where the court had not yet ruled upon plaintiffs' motion to compel. See also Danna v. Bay Steel Corp., 445 So.2d 704 (Fla. 4th DCA 1984); Moore v. Freeman, 396 So.2d 276 (Fla. 3d DCA 1981); Lovelace v. Sobrino, 280 So.2d 514 (Fla. 3d DCA 1973).
The record in the instant case similarly discloses that the judgment appealed from was entered prematurely. We therefore have not considered the other points raised in this appeal. The final summary judgment is reversed and the cause is remanded for further proceedings, which may include further motions for summary judgment after discovery is completed.
Reversed and remanded.