510 So.2d 637 (1987)
Theresa SINGER, As Guardian Ad Litem for Ann Doe, Etc., et al., Appellants,
v.
Thomas STAR, Milne Corporation and News and Sun-Sentinel Corporation, Appellees.
No. 4-86-0003.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
*638 Karen E. Roselli and Jon E. Krupnick of Krupnick, Campbell, Malone and Roselli, P.A., Fort Lauderdale, for appellants.
Wilton L. Strickland and Ricki Tannen of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for appellee News and Sun-Sentinel Corp.
HERSEY, Chief Judge.
The final summary judgment appealed here exonerated defendant, News and Sun-Sentinel Corporation ("News"), from liability for the acts of the individual defendant, Thomas Star.
Under a contractual arrangement with News which describes defendant, Milne Corporation, as an independent contractor, Milne undertook to sell subscriptions to the newspaper published by News in certain designated geographical locations. The actual solicitation was done by minor children and Milne employed defendant Star to supervise the minors. Over a period of time Star sexually molested several of the female minor children, three of whom, represented by guardians ad litem, brought this action below and appear as appellants in this appeal.
News was alleged to be vicariously liable for the tortious acts of Star, either under an actual agency theory or by virtue of apparent authority. News takes the position that apparent authority has not and could not be established and that Milne was an independent contractor. Therefore News is not liable since the acts were committed by an employee of an independent contractor. The trial court apparently agreed.
After notice and hearing, a final summary judgment was entered for News although appellants had previously filed a motion in the nature of a motion for continuance, but designated as a motion to withhold ruling on the motion for summary judgment. As grounds for the continuance appellants alleged that they had intended to take depositions of several key witnesses but, due to a "previously undetected mistake in communications between staff personnel" in appellants' attorney's office, those depositions had not previously been scheduled. At the time of the hearing on the motion for summary judgment the depositions had been scheduled and were to be completed within thirty days. It also appears that the deposition of Star could not be set until after a date less than five days before the hearing, apparently because of criminal charges against him arising out of this matter.
The trial court here did not withhold judgment as requested by appellants, and stated in its final summary judgment that "there is no pending discovery scheduled by the plaintiff or any of the other parties *639 to this litigation; therefore, there are no legal grounds why the court should not dispose of this matter on the merits at this time." The final summary judgment was signed, however, on December 2, 1985, and was filed on December 9, 1985. It is clear, therefore, that the depositions were pending when the trial court made its decision on the motion for summary judgment. Additionally, the following activity involving discovery took place after the notice of hearing on the motion for summary judgment was mailed by News to appellants: in response to appellants' request to produce dated August 21, 1985, News mailed its compliance on September 23, 1985; appellants mailed a request for admissions on October 17, 1985, and News mailed its response on November 15, 1985; News also mailed answers to appellants' interrogatories on November 15, 1985.
A summary judgment should not be granted until the facts have been sufficiently developed to enable the court to be reasonably certain that there is no genuine issue of material fact. Kemper v. First National Bank of Dayton, Ohio, 277 So.2d 804 (Fla. 3d DCA 1973). Similarly, a summary judgment is also premature where there has been insufficient time for discovery, Moore v. Freeman, 396 So.2d 276 (Fla. 3d DCA 1981), or where a party through no fault of his own, has not yet completed discovery, Societe Euro-Suisse, S.A. v. Citizens and Southern International Bank, 394 So.2d 533 (Fla. 3d DCA 1981), or when objections to interrogatories and a motion to produce are pending. Salzberg v. Eisenberg, 368 So.2d 442 (Fla. 3d DCA 1979).
At the time of its ruling on the motion for summary judgment, the court knew that appellants had scheduled depositions to be completed within thirty days, and knew why the depositions had not previously been scheduled. As early as November 15, 1985, five days prior to the hearing, in its memorandum in opposition to the motion for summary judgment, appellants advised the court that discovery was still in progress, as depositions had not yet been taken.
The trial court cited Danna v. Bay Steel Corp., 445 So.2d 704 (Fla. 4th DCA 1984), to support its ruling. In that case, the plaintiff had noticed the taking of a deposition of a witness and had attempted to take it four times prior to the hearing on the motion for summary judgment, but had been thwarted by evasive tactics. The trial court granted summary judgment for the defendant and on appeal by the plaintiff the defendant argued that the plaintiff's inability to take the deposition was not prejudicial, because affidavits on file by several witnesses, including the witness that was to have been deposed, showed that summary judgment for defendant was appropriate. This court found, however, that the defendant could not avoid a pertinent deposition by substituting self-serving affidavits. The court stated, "Where a deposition is appropriately noticed and no protective order is either sought or obtained, the plaintiff is entitled to that discovery before his law suit (sic) is summarily disposed of." Id. at 705.
The trial court in the present case apparently believed that since the appellants, unlike the plaintiffs in Danna, had not noticed the taking of the depositions prior to the hearing on the motion for summary judgment, it was not necessary for the court to wait and review appellants' December-scheduled depositions before ruling on News' motion for summary judgment. In our view, the trial court erred in this regard. Facts upon which the court based its decision were not fully developed because discovery was in progress, and depositions were pending. Summary judgment was therefore premature.
The effect of this premature ruling is that the trial court did not adequately assess the relationship between News and Milne or Star. News' primary theory for avoiding vicarious liability was that Milne was an independent contractor. The final judgment recites that under the contract between News and Milne, Star was also an independent contractor. The trial court correctly noted that a party is not to be held vicariously liable for the torts of an independent contractor retained by him, citing *640 Ortega v. General Motors Corporation, 392 So.2d 40 (Fla. 4th DCA 1980). However, a statement in an agreement between parties that one is an independent contractor, as does the contract between News and Milne, is not dispositive of that issue. Nazworth v. Swire Florida, Inc., 486 So.2d 637 (Fla. 1st DCA 1986). A jury may infer the existence of an agency even when both the principal and the agent deny it. McCabe v. Howard, 281 So.2d 362 (Fla. 2d DCA 1973).
"The standard for determining whether an agent is an independent contractor is the degree of control exercised by the employer or owner over the agent." Nazworth, 486 So.2d at 638. "[I]f the one securing the services controls the means by which the task is accomplished, the one performing the service is an employee, if not, he is an independent contractor." Miami Herald Publishing Co. v. Kendall, 88 So.2d 276, 277 (Fla. 1956).
The factors to be considered in making a determination on the question of whether one is an independent contractor are enumerated in section 220(2) of the Restatement (Second) of Agency (1958).
On the basis of the record that had been made at the time of hearing on the motion for final summary judgment, the trial court correctly applied Ortega in ruling for News. However, because discovery was in progress at the time of the hearing, the court did not have sufficient information to apply the factors outlined in the Restatement and determine whether Milne and Star were independent contractors.
It is appellants' further position that even if Milne and Star were independent contractors, certain actions by News created an appearance that Thomas Star was its employee or agent, so News should now be estopped to deny that this was true. Appellants raised the issue of apparent authority in their complaint and in their memorandum in opposition to News' motion for summary judgment. The sufficiency of appellants' allegations regarding apparent authority has not been challenged.
With regard to the concept of apparent authority, the court in Taco Bell of California v. Zappone, 324 So.2d 121, 123-124 (Fla. 2d DCA 1975), stated:
Apparent or ostensible authority arises where a principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it. Tampa Sand and Material Company v. Davis, Fla.App.2d 1960, 125 So.2d 126. The doctrine rests on the premises that one who allows another to serve as his agent must bear the loss which results to a third party from that party's dealings in reliance on that agent's supposed authority. But as Mechem points out, the doctrine rests on appearances created by the principal and not by agents who often ingeniously create an appearance of authority by their own acts. Mechem on Agency, 4th Ed. 1952, § 94.
In Cawthon v. Phillips Petroleum Co., 124 So.2d 517, 520 (Fla. 2d DCA 1960), the court stated that in order for the principle of estoppel to apply in an apparent agency situation, "the one seeking to recover damages not only must have been misled but must have acted to his injury by reason of having been misled." In Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983), the supreme court noted that there are three elements needed to establish an apparent agency: (1) a representation by the principal; (2) reliance on that representation by a third person; and (3) a change of position by the third person in reliance upon such representation to his detriment.
Below, appellants offered, other than the bare allegations of their complaint, only two items in support of their apparent agency theory. They offered copies of identification badges that had been issued to a minor female which had "Fort Lauderdale News/Sun Sentinel" printed on them, and a letter from a sales manager at the News to one of the minor female's parents referring to the minor as one of *641 the News' winners of a trip to Norway and Denmark.
The trial court found in its final summary judgment that the identification badges were not relevant, since agency between the minor plaintiffs and News was not an issue on the plaintiffs' claim against News.
It is true that agency between the minors and News was not directly in issue. In our view, however, the identification badges were relevant. If the information on the badges, supplied by News, is viewed as constituting a representation that the minors were employed by News, then the minors could also reasonably assume that their supervisor, Thomas Star, was also employed by News. The same reasoning applies to the letter from News about the trip to Norway. If a company leads an individual to believe that he is employed by that company, that individual can reasonably assume that his immediate supervisor is employed by the same company.
The identification badges label the bearer as an "authorized representative," and bear the name of News in large print. The letter from News refers to the minor female as one of "our" winners. Both the identification badges and the letter may fairly be viewed as constituting an appearance created by News that the minors, as well as their supervisor Star, were employed by News.
In Nazworth, the court stated:
A summary judgment is only appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. If the evidence is susceptible of several inferences, one of which will support the nonmoving party's theory of the case, the issue should be determined by the trier of fact. Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982).
486 So.2d at 638.
The trial court did not specifically address the apparent agency theory in its final summary judgment, but simply stated that the identification badges were irrelevant. Since the identification badges and the letter from News can reasonably be viewed as supporting appellants' apparent agency theory, however, we conclude that summary judgment against appellants on the apparent agency issue was improper, and that issue should be presented to a trier of fact.
We reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.