562 So.2d 356 (1990)
Preston H. COLBY, Appellant,
v.
Steven ELLIS, Walter Hornberger, Robert Holston, and Spencer Slate, Appellees.
No. 89-00980.
District Court of Appeal of Florida, Second District.
May 4, 1990.
Rehearing Denied June 8, 1990.
David Paul Montgomery of Montgomery & Wilhoite, Chartered, Bradenton, for appellant.
Andrew E. Grigsby of Corlett, Killian, Ober, Hardeman, McIntosh & Levi, P.A., Miami, for appellee Steven Ellis.
Donna E. Albert and Frank R. Gramling of Fertig and Gramling, Fort Lauderdale, for appellee Walter Hornberger.
Alfred O. Bragg of Cunningham, Albritton, Lenzi, Warner, Bragg & Miller, P.A., Marathon, for appellees Holston and Slate.
PATTERSON, Judge.
In 1982 the appellant testified as a scuba diving expert on behalf of the plaintiff in a wrongful death action. The verdict rendered in favor of the plaintiff became of grave concern to dive shop operators in the Florida Keys and other members of the scuba diving industry. Appellant perceived a conspiracy on the part of the scuba diving community to retaliate against him for the expert opinion he had rendered. As a result, he instituted suit against these appellees and others charging conspiracy, tortious interference with a business relationship, and a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act.
If the alleged conspiracy existed, extensive discovery over a period of three years failed to bear it out, and on March 31, 1989, *357 the lower court granted final summary judgment in favor of these appellees. This appeal is directed to various procedural errors in the court below but does not challenge the summary judgment on its merits. We affirm the judgment of the lower court and find it appropriate to address one of the appellant's points on appeal  the propriety of granting a summary judgment before the completion of pending discovery.
The scheduled cutoff date for discovery was March 13, 1989. The appellees served the motions for summary judgment on February 1 and February 2, with a scheduled hearing date of February 23, 1989. Appellant immediately set the depositions of appellees Slate and Holston to be taken prior to that date. Slate was granted a protective order on the basis that he had been previously deposed as a witness. The granting of that protective order has not been raised as error in this appeal. Holston appeared and was deposed; however, the deposition was not transcribed prior to the hearing. We have reviewed the deposition and hold that it raises no material issue of fact which could have altered the outcome of the February 23 hearing. Appellant also alludes to an unanswered request to produce, but our search of the record has failed to reveal it.
As a general rule, it is premature to grant a motion for summary judgment where the opposing party has not completed its discovery and there are discovery motions pending before the court. See Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987); A & B Pipe and Supply Co. v. Turnberry Towers Corp., 500 So.2d 261 (Fla. 3d DCA 1986); DeRosa v. Shands Teaching Hospital and Clinic, Inc., 468 So.2d 415 (Fla. 1st DCA 1985). There comes a time, however, when discovery should end.
A party does not have an unlimited right to discovery prior to a hearing on a motion for summary judgment.
When the record becomes clear enough to disclose that further discovery is not needed to develop significant aspects of the case and that such discovery is not likely to produce a genuine issue of material fact, discovery should be ended.
Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1506 (11th Cir.1985), cert. denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986) (citations omitted). In Amey, the court held that the trial court did not abuse its discretion in curtailing discovery. The trial court, which had stayed all discovery except previously noticed depositions, heard and granted the defendants' motions for summary judgment. Eighteen months after filing its complaint, Amey, Inc. had failed to come up with evidence of a conspiracy agreement in its antitrust action.
Similarly, during three years of litigation the appellant has been unable to support his allegations of conspiracy. The time has come to end this litigation.
Affirmed.
RYDER, A.C.J., and THREADGILL, J., concur.