657 So.2d 932 (1995)
Steve BRANDAUER, Appellant,
v.
PUBLIX SUPER MARKETS, INC., Appellee.
No. 94-02241.
District Court of Appeal of Florida, Second District.
July 7, 1995.
*933 David F. Garber, Naples, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
RYDER, Acting Chief Judge.
Steve Brandauer seeks review of the final summary judgment entered in favor of Publix in his slip and fall action. We agree with his argument that the court granted summary judgment prematurely because discovery was still pending. Our reversal on this point makes it unnecessary for us to discuss Mr. Brandauer's other two arguments on appeal, which address whether genuine issues of fact existed and whether the affidavit of Publix's manager was sufficient to support summary judgment. Presumably, once Mr. Brandauer conducts discovery, the factual record before the lower court will change.
Mr. Brandauer filed his complaint against Publix on November 29, 1993. Publix took his deposition, and on April 12, 1994, filed its motion for summary judgment, attaching his deposition in support of the motion. On April 15, 1994, Mr. Brandauer noticed the depositions of Publix's manager, Mike Tanner, and another Publix employee for May 24, 1994. Publix filed Mr. Tanner's affidavit in support of its motion for summary judgment on April 16, 1994. For reasons not apparent in the record, Mr. Brandauer filed an amended notice, changing the date of the depositions to June 1, 1994. The trial court heard Publix's motion on May 23, 1994, and entered summary judgment in its favor.
Summary judgment should not be granted until the facts have been sufficiently developed for the court to be reasonably certain that no genuine issue of material fact exists. Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987). As a general rule, a court should not enter summary judgment when the opposing party has not completed discovery. Singer; Colby v. Ellis, 562 So.2d 356 (Fla. 2d DCA 1990). Here, the court granted summary judgment in favor of the defendant approximately six months after the plaintiff filed suit. Mr. Brandauer had not yet deposed any representative of the corporate defendant. While we reiterate that a party does not have an unlimited right to discovery before a hearing on a motion for *934 summary judgment, see Colby, we hold the entry of summary judgment under these facts was premature.
Publix argues that Mr. Brandauer never asked the court to continue the hearing until the deposition was taken. When an opponent of summary judgment is confronted with a hearing on the motion before he has completed discovery, he should file a motion for continuance. Mr. Brandauer did not file a written motion, but, at the hearing, his counsel asked the court to allow him to depose the store manager and come to a conclusion about whether he could go to trial. Counsel then noted "if the defendant feels that there is not enough evidence generated, they could renew their motion for summary judgment." While it would have been better practice to file a written motion, or to specifically request a continuance at the hearing, we believe counsel's comments adequately apprised the court that he wished to postpone the hearing until depositions had been taken.
Reversed and remanded.
SCHOONOVER and QUINCE, JJ., concur.