734 So.2d 1142 (1999)
Sheryl D. SMITH, Appellant,
v.
Choya T. SMITH and Arrestor Holley, Appellees.
No. 98-1370.
District Court of Appeal of Florida, Fifth District.
May 28, 1999.
*1143 Jonathan I. Rotstein of Law Offices of Jonathan I. Rotstein, Daytona Beach, for Appellant.
Wallace W. Tudhope of Jack, Wyatt, Tolbert & Turner, P.A., Maitland, for Appellees.
THOMPSON, J.
Sheryl D. Smith ("Smith") appeals an adverse summary judgment in favor of Arrestor Holley[1], a defendant in this automobile negligence case. Smith argues that the trial court erred in entering summary judgment because a deposition had been scheduled five days after the summary judgment hearing. We agree and reverse.
Although this case is before the court on the issue of a premature summary judgment, perhaps it would be better described as a rush to judgment. Choya Smith, no relation to Sheryl D. Smith, visited Antonio Holley on 24 May 1996 at his grandfather's home. The grandfather, Arrestor Holley, was not home. Choya Smith drove off in Arrestor Holley's car. Later that day, she was involved in a car accident with Sheryl Smith. After the accident, Choya Smith returned to the Holley residence.
Smith filed suit against Choya Smith on 12 March 1997 for negligent operation of an automobile. She also sued Arrestor Holley as owner of the automobile. Holley filed an answer and affirmative defenses on 24 April 1997. In paragraph 19, Holley stated as an affirmative defense:
Defendant Arrestor Holey, is not liable for the acts of Defendant, Choya T. Smith, as a matter of law as Defendant, Arrestor Holley, did not give his permission, and/or consent to Choya T. Smith to operate his motor vehicle.
Between 24 April 1997 and 20 June 1997, the parties filed and responded to requests for admissions and requests to produce. On 20 June 1997, Holley filed his motion for summary judgment on the ground that Choya Smith took his vehicle without his knowledge or consent. Attached to the motion were the affidavits of Arrestor Holley, Antonio Holley, and Choya Smith.
Antonio Holley stated that Choya Smith took his grandfather's car without permission from him or his grandfather and that he did not know she had taken the car until she returned from the store. He stated that neither he nor Choya Smith had permission to drive the car on the date of the accident or at any other time. Arrestor Holley stated in his affidavit that he was not at home when Choya Smith took his vehicle, that she did not have permission to use the vehicle on the date of the accident, and that he had never given her *1144 permission to use his vehicle. Choya Smith stated that she did not have permission from either Arrestor Holley or Antonio Holley to drive the vehicle, and that she had never been given permission to drive it.
On 5 August 1997, two days before the hearing on the motion for summary judgment, Smith filed her memorandum in opposition to the motion for summary judgment, in which she argued that summary judgment was inappropriate because discovery was not complete. In the response, Smith stated that Arrestor Holley's deposition was scheduled to be taken on 12 August 1997, less than one week after the date for the summary judgment hearing. She argued, "Since no one can say what evidence will be uncovered during the discovery process, it would be premature to find that no sufficient evidence exists to support [Smith's] contentions." Smith argued that she had begun the discovery process for the purpose of ascertaining the evidence to support her allegations.
There is no transcript of the summary judgment hearing in the record. After entering an order granting the summary judgment, the court entered final judgment in favor of Arresor Holley on 26 September 1997, and a final summary judgment on 22 April 1998. Smith timely appeals.
The only question before this court is whether Smith should have been allowed to take the deposition of Arrestor Holley before the summary judgment hearing. A trial court's decision to grant a continuance in a summary judgment hearing is discretionary. Spolski General Contractor, Inc. v. Jett-Aire Corp., 637 So.2d 968 (Fla. 5th DCA 1994). However, that discretion is tempered if discovery is not completed and is necessary for disposition of the case. In UFF DAA, Inc. v. Towne Realty, Inc., 666 So.2d 199 (Fla. 5th DCA 1995), a case involving pending discovery set after a motion for summary judgment, this court held:
Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending. (citations omitted).
In this case, the deposition of Arrestor Holley was scheduled to occur five days after the hearing on the motion for summary judgment. Although the self-serving affidavits of the only three persons who knew, or who were in a position to know, whether Arrestor Holley gave Choya Smith permission to drive his car denied that Holley gave permission, Smith argues that no one could foresee what evidence would have been adduced during the deposition. Perhaps testimony from Holley might refute his affidavit. Smith also argues summary judgment is inappropriate and premature when discovery is ongoing and depositions or other discovery are outstanding. See Villages at Mango Key Homeowners Ass'n, Inc. v. Hunter Development, Inc., 699 So.2d 337 (Fla. 5th DCA 1997); Abbate v. Publix Super Markets, Inc., 632 So.2d 1141 (Fla. 4th DCA 1994); Sica v. Sam Caliendo Design, Inc., 623 So.2d 859 (Fla. 4th DCA 1993); Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987).
Holley, on the other hand, contends that Smith's memorandum was actually a motion to continue and was properly denied because it did not comply with the requirements of Rule 1.510(f), Florida Rules of Civil Procedure, in that Smith did not supply an affidavit explaining why Arrestor Holley's deposition could not have been taken earlier. Indeed, Smith did not by affidavit or otherwise show why she was unable to oppose the summary judgment motion on its merits, or why she was unable to schedule Arrestor Holley's deposition (not to mention the depositions of Choya Smith and Antonio Holley which had not been scheduled at all, apparently) until four months after Arrestor Holley filed his affirmative defenses.
We agree with Arrestor Holley that after a motion for summary judgment is filed and scheduled, non-moving parties *1145 cannot thwart the summary judgment hearing by initiating discovery. See Mango Key. Smith's attorney advised the court during oral argument, however, that Holley's deposition had been set by agreement on 19 June with Holley's attorney's office. The attorney for Holley did not contradict the statement. It does not appear that Smith scheduled the deposition to delay the court's consideration of the summary judgment motion. In Singer, the court held that where depositions had previously been scheduled and the court was aware at the time of its ruling on the motion for summary judgment that discovery was in progress and depositions were pending, summary judgment was premature. Singer, 510 So.2d at 639. This case was filed on 12 March 1997, and the motion for summary judgment was filed on 20 June 1997. Approximately 47 days later, the trial court granted the motion for summary judgment. Based upon this record, we find the motion for summary judgment was premature and reverse so that discovery can be completed.
REVERSED and REMANDED with directions.
GRIFFIN, C.J. and ANTOON, J., concur.
NOTES
[1] Arrestor Holley is also referred to in the record as "Arvestor" Holley. The style of the case from the lower court is "Arrestor" which we will use throughout this opinion.