775 So.2d 974 (2000)
Francisco LEAL, et al., Appellants,
v.
Adis NUNEZ, et al., Appellees.
No. 3D99-2854.
District Court of Appeal of Florida, Third District.
October 25, 2000.
Rehearing Denied January 31, 2001.
Robert N. Pelier, Coral Gables, for appellants.
Kubicki Draper and Caryn Bellus-Lewis, Miami, for appellees.
Before JORGENSON and GERSTEN, JJ., and NESBITT, Senior Judge.
*975 PER CURIAM.
Francisco and Onelia Leal, the plaintiffs in an automobile personal injury action, appeal from an order of final summary judgment. For the reasons that follow, we reverse and remand.
In 1994, a car owned by Adis Nunez and driven by her brother-in-law Juan Francisco Blanco was involved in an accident with a car driven by the Leals. The Leals sued Nunez and Blanco; Nunez' defense was that Blanco, who was also her employee, had taken the keys from her desk, driven her car without her permission, and that the dangerous instrumentality doctrine therefore did not apply. Blanco had previously driven the car, but at the time of the accident, had no valid driver's license. Defendants moved for summary judgment on the basis that there was no proof that Blanco had permission to drive Nunez' car. The plaintiffs argued that the car had not been reported stolen, that Blanco had produced the necessary registration and insurance information, and that "common sense" indicated that he had permission to drive the car. The court granted the motion; we reverse.
Under the dangerous instrumentality doctrine, "an owner who gives authority to another to operate the owner's vehicle, by either express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated properly." Hertz Corp. v. Jackson, 617 So.2d 1051, 1053 (Fla.1993). There are exceptions to that doctrine: the owner's liability should be determined "on the basis of whether there has, in fact, been a conversion or theft of the vehicle prior to the negligence at issue." Id. However, "procurement of a vehicle through fraud is but one factor to be considered in determining whether a vehicle has been the subject of theft or conversion." Id.
In this case, entry of summary judgment was error, as there clearly remain disputed issues of material fact regarding whether Blanco's use of the car was with the consent of its owner, or whether his actions constituted a form of conversion or theft that would absolve the owner from liability. The familial and business relationship between the driver and the owner, and the behavior of both after the accident, raise serious questions regarding consent. That issue should be determined by the trier of fact. "The significance of the [surrounding] facts should be weighed by a jury, and not the trial court." Christenson Sullins v. Raymer, 765 So.2d 955 (Fla. 1st DCA 2000).
Reversed and remanded for further proceedings.