837 So.2d 458 (2002)
Roy H. PAYNE, Jr., and Elizabeth Burger-Payne, Appellants,
v.
CUDJOE GARDENS PROPERTY OWNERS ASSOCIATION, INC., a Florida not-for-profit corporation, et al., Appellees.
No. 3D02-567.
District Court of Appeal of Florida, Third District.
December 18, 2002.
Francis H. Muldoon, Jr. (Key West), for appellants.
Morgan & Hendrick and James T. Hendrick and Warren D. Tochterman (Key West), for appellees.
*459 Before LEVY, FLETCHER and RAMIREZ, JJ.
PER CURIAM.
Appellants are homeowners in the subdivision of Cudjoe Gardens in Monroe County. The subdivision is governed by a voluntary association, Cudjoe Gardens Property Owners Association ("the association"), comprised of approximately 55 property owners. All subdivision property deeds contain a Declaration of Restriction which subjects the property to certain set-back restrictions. Additionally, all building plans for new development and/or modifications to existing structures require approval by the association. Appellants purchased their property from an individual in January of 1996 and built their home without submitting building plans to the association for approval.[1]
In 1997, the association brought suit against appellants seeking an injunction on the basis that the appellants were in direct violation of the deed restriction set-back requirement. Prior to a ruling on the injunction, appellants finished construction on their home. Subsequently, the association amended its Complaint invoking the equity jurisdiction of the court and joining six individual property owners of the subdivision. Appellants answered the Complaint and raised affirmative defenses of waiver, abandonment, estoppel, and unclean hands on the ground that many plaintiffs were themselves in violation of the deed restrictions; and waiver, acquiescence, abandonment, and estoppel for failure to enforce the restrictions. Additionally, appellants alleged that during construction, the developer, who previously granted variances to other property owners, including several association board members, complimented appellants on their home and its structure.
The trial court initially granted appellants' Motion to Dismiss on the ground that the association did not have standing to bring suit to enforce the deed restrictions. On appeal, this Court reversed and remanded. See Cudjoe Gardens Prop. Owners Ass'n, Inc. v. Payne, 770 So.2d 190 (Fla. 3d DCA 2000). In July of 2000, during the pendency of the appeal, appellants contracted to purchase a parcel of land adjacent to the original "violating" property with the intent to cure the defect.[2]
On remand, appellants again moved for summary judgment on the basis that (1) several past presidents and directors of the association had themselves built homes in violation of the deed restriction set-back requirements and (2) the association failed to notify appellants in writing of their violation as required by the association bylaws prior to instituting suit. Alternatively, appellants moved for an Order to permit them to enter the land of Cudjoe Gardens homeowners to conduct surveys of structures, citing the association's denial of thirty-eight requests for admissions of prior violations. The association opposed the motion for entry upon land, explaining that the denial of the requests for admissions was based on variances granted by the developer. The trial court held appellant's second request for Summary Judgment in abeyance and instead entered an Order directing the association *460 to retroactively review appellants' building plans in light of prior waivers.
The association rejected the building plans, denied the existence of other deed restriction set-back violations and requested reconsideration and clarification of the court's previous Order. The court granted appellants' Motion for Summary Judgment, finding that the association waived the right to enforce the deed restriction set-back requirements as a result of the numerous variances granted to property owners, particularly past and present members of the association. However, after the association filed a Motion for a Rule to Show Cause and to Vacate Fraudulently Obtained Relief which alleged that the appellants' attorney misrepresented the existence of thirty-eight violations of the set-back requirements of the deed restrictions, the trial court vacated its Order granting appellants' Second Motion for Summary Judgment and entered a Rule to Show Cause against appellants' counsel.
To defend the Show Cause Order, appellants sought the assistance of a photogrammetrist who reviewed aerial photographs of the subdivision and a County surveyor who confirmed the violations. After consideration of the surveyors' testimonies finding sixty-four violations, the court found that appellants' attorney was not in contempt. However, the court declined to reinstate its vacated Order on appellants' Motion for Summary Judgment.
The association subsequently filed its own Motion for Summary Judgment contending that the appellants were barred from seeking relief because they failed to file building plans seeking a variance as required. During this time, appellants moved to compel better answers to interrogatories and production of documents relating to prior waivers of set-back requirements. The hearing on appellants' Motion to Compel Better Answers and to Compel Production was set for the morning of December 19, 2001. The association's Motion for Summary Judgment was set for the afternoon of December 19, 2001. On the morning of December 19th, the association gave appellants better answers to interrogatories, but claimed that they did not receive appellants' Motion to Compel Production of Documents. The court continued the Motion to Compel Production of the documents and issued an Order directing the association to provide better answers to interrogatories. On the afternoon of December 19th, just prior to the hearing on the association's Motion for Summary Judgment, the association's counsel hand delivered supplemental responses to interrogatories.[3] The hearing on the association's Motion for Summary Judgment then took place.
At the hearing, the association argued that appellants were barred from raising any affirmative defenses because they failed to request approval of their plans from the association prior to building. The court declined to consider appellants' evidence reflecting sixty-four prior violations and granted the association's Motion for Summary Judgment on the basis that appellants' failure to submit building plans prior to commencement of construction with a request for variance to the set-back requirements effectively foreclosed appellants from having standing to challenge the deed restriction. The court, accordingly, entered Summary Judgment in favor of the association, granted attorney's fees to the association and precluded any further hearings in the case with the exception of motions to assess attorney's fees. This appeal ensued.
*461 Appellants raise several issues on appeal. We address only the discovery issue which is dispositive of the matter. Appellants are seeking disclosure of information and documents relating to prior waivers and variances. The Motion for Summary Judgment was based on the fact that appellants failed to submit building plans to the association for approval. However, from these discovery requests, appellants may learn of other property owners who, in appellants' position, were granted variances after the fact, despite the failure to submit the building plans. Accordingly, the information sought by appellants was relevant and a material issue to appellants' entire defense. In fact, in its initial ruling on appellants' Second Motion for Summary Judgment, the trial court noted that the association would be bound by previous variances if appellants are in a similar situation.
It is axiomatic that Summary Judgment may not be granted unless the moving party is able to show that no genuine issues of material fact exist. See Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966); Kemper v. First Nat'l Bank of Dayton, Ohio, 277 So.2d 804 (Fla. 3d DCA 1973). Where discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist. See Singer v. Star, 510 So.2d 637, 639 (Fla. 4th DCA 1987). Thus, where discovery is still pending, the entry of Summary Judgment is premature. See Smith v. Smith, 734 So.2d 1142, 1144 (Fla. 5th DCA 1999)("Parties to a lawsuit are entitled to discovery as provided in the Florida Rules of Civil Procedure including the taking of depositions, and it is reversible error to enter summary judgment when discovery is in progress and the deposition of a party is pending."); Henderson v. Reyes, 702 So.2d 616, 616 (Fla. 3d DCA 1997)(reversing the entry of Summary Judgment where depositions had not been completed and a request for the production of documents was outstanding.); Collazo v. Hupert, 693 So.2d 631, 631 (Fla. 3d DCA 1997) (holding that a trial court should not entertain a motion for summary judgment while discovery is still pending); Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993); Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987).
In the instant case, the Record is clear that appellants are not the only property owners whose property was in violation of the set-back requirements. In fact, appellants were able to conform their property through the purchase of adjacent property. Appellants identified other property owners, approximately sixty-eight, many of whom are current and past board members of the association, who are in violation of the set-back requirement. Some have variances, but it is not clear whether others obtained their variance, if at all, before construction. In short, the purpose of the restriction, where 68 properties are in violation, is difficult to defend at this juncture. See Robertson v. Countryside PUD Residential Homeowners, 751 So.2d 674, 677 (Fla. 5th DCA 2000)(reversing for completion of discovery relating to previous exemptions to the restrictive covenants noting that enforcement of restrictive covenants cannot be arbitrary or unreasonable).
Florida law is clear that covenants restricting the use of land will be enforced "when the restriction applies to the location of buildings to be erected on the land, and such restrictions are carried in all deeds with a view to preserve the symmetry, beauty, and general good of all interested in the scheme of development." Pelican Island Property Owners Ass'n, Inc. v. Murphy, 554 So.2d 1179, 1181 (Fla. 2d DCA 1989)(quoting Stephl v. Moore, 94 Fla. 313, 114 So. 455 (1927), but reversing the dismissal of the association's Complaint, finding that the association did not *462 waive, and was not estopped from enforcing, the restrictive covenant); But cf. Plaza Del Prado Condominium Ass'n, Inc. v. Richman, 345 So.2d 851 (Fla. 3d DCA 1977)(affirming the entry of Summary Judgment in favor of condominium unit owners on the basis that the appearance of the building was not uniform where the association conceded that other terraces had been changed and/or altered with the permission of the owner/developer and/or the association). Without the completion of appellants' discovery requests in the instant case, it is difficult to ascertain whether appellants are precluded from raising any affirmative defenses against the association's claims and whether the association is enforcing the restrictive covenant arbitrarily and unreasonably.
Accordingly, we find that summary judgment was improvidently granted prior to the completion of discovery and, accordingly, reverse the Order granting the association's Motion for Summary Judgment and remand the matter for further proceedings specifically including additional discovery.
Reversed and remanded.
NOTES
[1] Appellants suggest that since they purchased the property from an individual, not the original developer, they did not have notice of the voluntary association nor of the deed restrictions. However, the Warranty Deed clearly reflects the existence of the deed restriction.
[2] The Record reflects that the appellants purchased the adjacent lot in October of 2000. The lot was subsequently annexed in February of 2001.
[3] Appellants contend the supplemental responses were insufficient and that counsel did not have an opportunity to read them until after the hearing on the association's Motion for Summary Judgment.