840 So.2d 272 (2003)
In re the ESTATE OF Carlos Rumaldo HERRERA, Teresa Guerrero, As Personal Representative, Appellant,
v.
BERLO INDUSTRIES INC. and Jaffer Associates, Inc., Appellees.
No. 3D01-2689.
District Court of Appeal of Florida, Third District.
January 15, 2003.
Rehearing and Rehearing Denied March 26, 2003.
*273 Kenneth D. Cooper (Fort Lauderdale), for appellant.
Kubicki Draper, and Angela C. Flowers, and Barbara E. Fox, Miami, for appellees.
Before GERSTEN, GREEN, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied March 26, 2003.
PER CURIAM.
The Estate of Carlos Rumaldo Herrera and Teresa Guerrero as Personal Representative ("Herrera") appeals a summary judgment in favor of appellees, Jaffer Associates, Inc. ("Jaffer"). We affirm the trial court's order because Herrera has not established the existence of a genuine issue of material fact. See Martin Petroleum Corp. v. Amerada Hess Corp., 769 So.2d 1105 (Fla. 4th DCA 2000).
In addition, we reject Herrera's argument that summary judgment was error because discovery had not been completed. Summary judgment may be granted, even though discovery has not been completed, when the future discovery will not create a disputed issue of material fact. See A & B Discount Lumber & Supply, Inc. v. Mitchell, 799 So.2d 301 (Fla. 5th DCA 2001); see also Crespo v. Florida Entm't Direct Support Org., Inc., 674 So.2d 154 (Fla. 3d DCA 1996) ("A trial court has the discretion to deny a continuance of a summary judgment hearing where the outstanding discovery items are immaterial to the dispositive issues in the case."). Here, future discovery would not yield any new information that the trial court either did not already know, or needed to make its ruling.
Lastly, Herrera seeks to raise issues which were not raised in the trial court. However, issues not presented in the trial court cannot be raised for the first time on appeal. See Gisela Invs., N.V. v. Liberty Mut. Insur. Co., 452 So.2d 1056 (Fla. 3d DCA 1984). Thus, Herrera is precluded from raising new arguments on appeal.
Affirmed.