On Motion for Written Opinion

PER CURIAM.
On motion for rehearing, rehearing en banc, and clarification from our affirmance of a final summary judgment, appellant contends that our per curiam affirmance is in conflict with various other opinions of this court and others which hold that a court.should not enter summary judgment when the opposing party has not completed discovery. See Lubarsky v. Sweden House Props. of Boca Raton, Inc., 673 So.2d 975, 977 (Fla. 4th DCA 1996) (quoting Brandauer v. Publix Super Mkts., Inc., 657 So.2d 932, 933 (Fla. 2d DCA 1995)).
We do not dispute the foregoing cases. The facts of this case are different. The rules provide that a defendant may move for summary judgment “at any time” after a claim has been brought against it. Fla. R. Civ. P. 1.510(b). Appellee American Consulting Engineers of Florida (“ACE”) was added as a co-defendant with appellant to the lawsuit of plaintiffs Michael and Cynthia Matthews for injuries they sustained in an auto accident with appellant. Four months after answering the complaint, ACE moved for summary judgment on a statutory defense. Appellant had not conducted any discovery between the time ACE was brought into the suit and the entry of the final summary judgment. Moreover, appellant did not make any motion for continuance of the summary judgment hearing. See Brandauer, 657 So.2d at 934. ACE filed affidavits supporting its statutory defense. Appellant presented no counter-affidavits in opposition. There is no transcript of the hearing on the motion to show whether a continuance was requested, a reason for the lack of discovery, or what discovery appellant needed. The court cannot be faulted for refusing to delay the summary judgment hearing for unfounded reasons.
Appellant has presented us with no reason to reverse our prior decision. We deny the motions.
WARNER, STEVENSON and CONNER, JJ., concur.