# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-129
Lower Tribunal No. 11-10438

_____

**Alejandro Fernandez,**
Appellant,

vs.

**Florida A & G Co., Inc., f//k/a Arch Aluminum & Glass Co., Inc., a Florida corporation; Active Staffing of Hialeah LLC, a Florida limited liability company; Magdiel Arnou, an individual; John Doe, an individual and Emory Whitecloud, an individual,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Darrin P. Gayles, Judge.

Simon, Schindler & Sandberg and Anthony V. Falzon, for appellant.

Jones, Foster, Johnston & Stubb, and Scott G. Hawkins, Roberto M. Vargas and Elizabeth K. Ehrlich, (West Palm Beach); Kubicki Draper, and Caryn L. Bellus, Peter Murphy and Bretton C. Albrecht, for appellees.

Before WELLS, SHEPHERD and LOGUE, JJ.

PER CURIAM.

Affirmed.

WELLS and SHEPHERD, JJ., concur.

LOGUE, J., concurring in part and dissenting in part.

Alejandro Fernandez was employed by Arch Aluminum & Glass Company and Active Staffing of Hialeah, LLC. While cleaning a saw used to cut scrap metal at a plant owned and operated by Arch, Fernandez's left hand was severed. Fernandez sued both Arch and Active Staffing under the exception to worker's compensation immunity located in section 440.11(1)(b), Florida Statues (2009), which allows for liability "[w]hen an employer commits an intentional tort that causes the injury or death of the employee." The trial court entered a final summary judgment for both employers. Fernandez appealed.

I concur in affirming summary judgment for Active Staffing: all discovery regarding its involvement in the accident at issue was completed before entry of the summary judgment. But the same cannot be said for Arch. The summary judgment was entered while important discovery was still pending against Arch, including the depositions of Arch's plant manager and an Arch employee who witnessed the accident. Because discovery was incomplete, summary judgment for Arch was premature.

This is not a case where Fernandez failed to freely avail himself of opportunities to seek discovery. Instead, his attempts to obtain discovery were

2

frustrated at every turn. Indeed, Arch itself freely admits that it was unable to provide meaningful discovery. Before this lawsuit was filed, Arch filed for bankruptcy. It was sold, along with all of its plant, records, and machinery, to a third party, who in turn resold to another third party. Arch itself was administratively dissolved. As a result, Arch could not produce a corporate representative or records custodian to be deposed. Arch's answers to interrogatories were unsworn. In the unsworn answers, Arch could not answer basic questions which requested the names and addresses of the persons most knowledgeable about the accident. Arch could not name its safety manager who investigated the subject accident. It could provide no records regarding the purchase, maintenance, or inspection of the saw involved in the accident. It could provide no records regarding the accident.

Rather than obtaining basic information quickly and directly from Arch, Fernandez was required to obtain this information through the much slower and laborious process of deposing third parties. For this reason, it is not exactly accurate to say, as Arch maintains, that Fernandez has had two years to take discovery.

Arch filed its motion for summary judgment on July 25, 2013. In a very real sense, however, Fernandez's ability to take meaningful discovery did not even begin until several months later. Not until October 14, 2013, months after Arch

3

moved for summary judgment, did Fernandez receive any of Arch's records regarding the accident. Only at that late date, at the deposition of Arch's safety manager, who Fernandez had to track down and locate, did Fernandez receive for the first time some of Arch's accident records. Even then, the records were incomplete. Yet, less than four months later, the trial court entered summary judgment for Arch. This was a rush to judgment. Four months is too little time to investigate a serious accident like this one, particularly given the problems of obtaining discovery from Arch.

Summary judgment is an essential tool to accomplish the promise of the Rules of Civil Procedure to secure a "just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010. It does so by providing a method "to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). But summary judgment can perform this function only if the parties are given adequate time for discovery. See Payne v. Cudjoe Gardens Prop. Owners Ass'n, Inc., 837 So. 2d 458, 461 (Fla. 3d DCA 2002) ("Where discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist."); Singer v. Star, 510 So. 2d 637, 639 (Fla. 4th DCA 1987) ("[A] summary judgment is . . . premature where there has been insufficient time for discovery, or

where a party through no fault of his own, has not yet completed discovery . . . .") (internal citation omitted). I believe adequate time was not provided here. For this reason, I would reverse the summary judgment for Arch and instruct the trial court to set an adequate amount of time to allow Fernandez to complete his discovery against Arch.