# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1580
Lower Tribunal No. 16-14864
_____

**Gladys Carbonell,**
Appellant,

vs.

**WVUE 2015-1,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

American Justice, P.A., and Theresa B. Edwards and David F. Edwards (Fort Lauderdale), for appellant.

Law Offices of Damian G. Waldman, P.A., and Farha Ahmed and Damian G. Waldman (Largo), for appellee.

Before SCALES, LUCK and LINDSEY, JJ.

PER CURIAM.

The trial court entered summary judgment in this residential foreclosure case in favor of the Appellee WVUE 2015-1. We reverse because the record reveals that a genuine issue of material fact exists regarding the amount that Appellant Gladys Carbonell owed under the promissory note, Ottawa Properties 2 LLC v. Central Mortgage Co., 202 So. 3d 102, 103 (Fla. 4th DCA 2016); and because at the summary judgment hearing, the trial court was made aware that outstanding, pending discovery on this issue had not concluded. Payne v. Cudjoe Gardens Prop. Owners Ass'n, 837 So. 2d 458, 461 (Fla. 3d DCA 2002).[1]

Reversed and remanded.

---

[1] Appellant also argues that outstanding discovery on the standing issue should have precluded summary judgment. We agree with Appellee, though, that Appellant's outstanding discovery requests on the standing issue would not create a disputed issue of material fact. Estate of Herrera v. Berlo Indus. Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003). Our de novo review of the summary judgment record supports the trial court's finding that Appellee established standing from the inception of the lawsuit. McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).