# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-10
Lower Tribunal No. 17-9870
_____


**Juan Pablo Benavides, et al.,**
Appellants,

vs.

**Isaias Medina, Jr., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Philip D. Parrish, P.A., and Philip D. Parrish, for appellants.

Freeman, Goldis & Cash, P.A., and Stuart J. Freeman (St. Petersburg), for appellee Isabel M. Ordway.


Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

In this wrongful death case involving the death of their daughter, Juan Pablo Benavides and Juana Ines Sanmiguel, the plaintiffs below, appeal a summary judgment entered against them and for one of the defendants.

The case stems from a tragic accident that occurred around 7:00 a.m. on New Year's Day 2016. Isaias Medina, Jr. was driving a Porsche sports car owned by his mother, Isabel Ordway. Also in the vehicle were Mathieu Saldana, with whom Isaias had spent New Year's evening and morning, and Daniela Benavides Sanmiguel, another teenager they had just met and were driving home after a party had ended at sunrise. Isaias was 17 years old at the time and did not have a driver's license. In a 25 to 30 mile-per-hour residential zone on Key Biscayne, Isaias accelerated the Porsche to 80 miles per hour, lost control, and crashed into several trees and a lamppost. The car was destroyed. Both male teenagers survived the wreck. Daniela died at the scene. Isaias was charged and convicted of vehicular homicide. Daniela's parents brought a wrongful death suit against Isaias (the driver), Mathieu (the passenger), and Ms. Ordway (Isaias' mother and the owner of the vehicle). The Plaintiffs were unable to obtain proper service on Mathieu and later dropped him from the suit.

Automobiles are dangerous instrumentalities. As the owner of the vehicle involved in the crash, Ms. Ordway's liability turned on whether her son's "use of the car was with the consent of its owner, or whether his actions constituted a form

2

of conversion or theft that would absolve the owner from liability." Leal v. Nunez, 775 So. 2d 974, 975 (Fla. 3d DCA 2000). Ms. Ordway moved for summary judgment based on the deposition of her son and her own affidavit. In his deposition, Isaias testified that he never obtained his mother's consent to drive her Porsche, her Range Rover, or her golf cart. He testified that while he drove her golf cart on the streets of Key Biscayne, his mother was unaware he did so. In her affidavit, Ms. Ordway testified that she knew her son did not have a driver's license and she had not given him consent to drive the Porsche.

The Plaintiffs responded to the motion in two ways. First, they filed the deposition of Ms. Ordway in which she testified to giving her son permission to drive her golf cart, giving him the keys, and knowing he drove the golf cart on the streets. Regarding the other cars, she first testified she had never expressly told her son not to drive them. On questioning by her own counsel and after a break during the deposition, however, she amended her testimony to reflect that she had, in fact, expressly told her son not to drive her cars.

The Plaintiffs' response also included a request to continue a summary judgment hearing to allow them to depose Mathieu, the passenger and friend of Isaias, who, they maintained, had knowledge of Isaias driving vehicles owned by Ms. Ordway. In support of their motion for a continuance, the Plaintiffs filed an affidavit of their attorney explaining the problems in deposing Isaias, who was

3

incarcerated, and Mathieu, who, after the accident, left the country temporarily to study abroad and then left the State to attend college. Ms. Ordway in turn responded that the Plaintiffs had caused the delay in scheduling Mathieu's deposition by failing to timely identify him as a witness on this point and then providing only limited dates prior to the summary judgment hearing when they were available for the deposition.

Summary judgment is an essential tool to accomplish the promise of the Rules of Civil Procedure to secure a "just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010. It does so by providing a method "to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Florida Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). In this regard, "the summary judgment motion may be categorized as a 'pre-trial motion for a directed verdict.' At least it has most of the attributes of a directed verdict motion." Harvey Bldg., Inc. v. Haley, 175 So. 2d 780, 783 (Fla. 1965) (citing Locke v. Stuart, 113 So. 2d 402 (Fla. 1st DCA 1959)).[1]

But summary judgment can perform its function as having some of the attributes of a "pre-trial motion for a directed verdict," id., only if the parties are

---

[1] "Harvey Building . . . remains the black letter law today." Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1036 n.3 (Fla. 3d DCA 2019), review denied, No. SC19-990, 2019 WL 6249341 (Fla. Nov. 22, 2019).

4

given a full opportunity to obtain the evidence they would present if the matter went to trial. See Payne v. Cudjoe Gardens Prop. Owners Ass'n, 837 So. 2d 458, 461 (Fla. 3d DCA 2002) ("Where discovery is not complete, the facts are not sufficiently developed to enable the trial court to determine whether genuine issues of material facts exist."); Singer v. Star, 510 So. 2d 637, 639 (Fla. 4th DCA 1987) ("[A] summary judgment is . . . premature where there has been insufficient time for discovery, or where a party through no fault of his own, has not yet completed discovery . . . .") (internal citation omitted).

For this reason, the summary judgment rule provides a vehicle for a party to obtain a continuance of a summary judgment hearing "to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . ." Fla. R. Civ. P. 1.510(f). To use the vehicle provided by the Rule, the party seeking a continuance should file affidavits explaining "that the party cannot for reasons stated present by affidavit facts essential to justify opposition [to the motion]." Id. We believe the Plaintiffs adequately met the requirements of the Rule by moving for a continuance and filing the affidavit of their counsel explaining the difficulties in obtaining the deposition of Isaias while he was being prosecuted and later incarcerated and the difficulties in obtaining service and the deposition of Mathieu, while he was studying outside the country and then outside the State. See Bello v. GeoVera Specialty Ins. Co., 45 Fla. L. Weekly D2039 (Fla. 3d DCA Aug. 26, 2020) (reversing a summary

judgment as premature where the parties opposing summary judgment had requested a continuance of the hearing because of outstanding discovery requests and a pending motion to compel discovery had not yet been ruled upon). For this reason, we reverse the summary judgment as premature. In doing so, we express no opinion on the merits of the summary judgment motion.

Reversed and remanded.