# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1790
Lower Tribunal No. 19-7013
_____

**Domingo Sacramento, et al.,**
Appellants,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); and Corredor & Husseini, P.A., for appellants.

Lewis Brisbois Bisgaard & Smith, LLP, and Kathryn L. Ender, for appellee.

Before FERNANDEZ, C.J., and SCALES, and GORDO, JJ.

PER CURIAM.

Domingo and Olga Sacramento ("the Sacramentos") appeal the trial court's order granting summary judgment in favor of Citizens Property Insurance Corporation ("Citizens"). Because Citizens moved for summary judgment while discovery pertaining to key issues was pending, the trial court's summary judgment ruling was premature. We therefore reverse the order granting summary judgment and remand for further proceedings.

The underlying case concerns a typical all-risk home insurance policy. The Sacramentos filed a claim with Citizens alleging that their home incurred water damage caused by Hurricane Irma. Citizens denied the claim for lack of coverage due to a policy exclusion. On March 8, 2019, the Sacramentos filed suit against Citizens. The record is replete with exchange of discovery, notices of depositions and record activity between March and December of 2019.

On March 9, 2020, Governor Ron DeSantis declared a state of emergency for the entire State of Florida as a result of the COVID-19 pandemic. Exec. Order No. 20-52. On March 25, 2020, the Eleventh Judicial Circuit Court postponed all non-essential court proceedings through April 17, 2020. See In re: COVID-19 Emergency Procs. and Further Suspension of Time Periods Set Forth In Admin. Order No. 20-03 in the Eleventh Jud. Cir. of Fla., No. AO20-05 (Fla. Mar. 25, 2020). On March 30,

2020, a remote appearance platform was implemented and non-essential hearings without in-person court appearances were no longer suspended. See In re: COVID-19 Emergency Procs. Establishing Remote Platform to Hear Court Procs. in the Eleventh Jud. Cir. of Fla., No. AO20-05 (Fla. Mar. 30, 2020).

On April 24, 2020, Citizens moved for summary judgment. On June 4, 2020, Citizens filed notice of hearing for August 18, 2020. On August 10, 2020, Citizens filed a notice and cross-notice of deposition of Mitigation Co.'s representative scheduled to occur on December 1, 2020. On August 14, 2020, the Sacramentos filed their response to Citizens' motion for summary judgment arguing primarily that it would be premature to grant Defendant's motion for summary judgment at this juncture because there are still pending depositions which will shed light and reveal additional information regarding the cause of loss. The Sacramentos specifically requested the court not enter summary judgment until the mitigation expert's deposition was completed as it had already been noticed and set and he was a key witness who would be testifying regarding the cause of loss.

On August 18, 2020, the trial court held the summary judgment hearing. At the summary judgment hearing the Sacramentos' attorney moved ore tenus for a continuance arguing the motion was premature as the

deposition of this key witness was pending. He further argued he was delayed by the COVID-19 pandemic and subsequent office closures. Citizens' counsel conceded he received a message from opposing counsel asking to reset the summary judgment hearing, but he did not agree because it had been set since April.

The trial court entered summary judgment in favor of Citizens. On August 19, 2020, the Sacramentos filed two affidavits and a motion for rehearing. On August 24, 2020, the trial court denied rehearing and entered final judgement in favor of Citizens. This appeal followed.

An order granting a motion for summary judgment is reviewed *de novo*. Knowles v. JP Morgan Chase Bank, N.A., 994 So. 2d 1218, 1219 (Fla. 2d DCA 2008).

The Sacramentos raise several issues on appeal. We address only the discovery issue, which is dispositive of the matter. Citizens argues summary judgment was proper because no formal motion for continuance was filed. While it would have been better practice for the Sacramentos' attorney to file a written motion for continuance, we find his response to the summary judgment motion and phone call to opposing counsel asking to reset the hearing while the deposition of a key witness had already been noticed during the COVID-19 pandemic sufficient to find entry of summary

4

judgment was premature before the deposition was conducted.  See Brandauer v. Publix Super Markets, Inc., 657 So. 2d 932, 934 (Fla. 2d DCA 1995).

Citizens itself defeated its own summary judgment motion by subsequently filing a notice and cross-notice of deposition of a key witness, a witness whose testimony would most likely raise a genuine issue of material fact, eight days prior to the summary judgment hearing.  The trial court was fully aware of Citizens' pending and noticed deposition that would potentially shed light on the causation issue central to the outcome of the case.[1]  Florida District Courts agree that if there is a pending deposition that would most likely raise a genuine issue of material fact, discovery is considered ongoing and summary judgment is premature; this is especially the case if the deposition is noticed.[2]  See Henderson v. Reyes, 702 So. 2d 616, 616 (Fla. 3d DCA 1997); Collazo v. Hupert, 693 So. 2d 631 (Fla. 3d DCA 1997); UFF DAA, Inc. v. Towne Realty, Inc., 666 So. 2d 199, 200 (Fla. 5th DCA 1995); Sica v. Sam Caliendo Design, Inc., 623 So. 2d 859, 860 (Fla.

---

[1] We find Citizens' argument that no further discovery was needed unpersuasive.

[2]  When there is a pending deposition that has the potential to create a genuine issue of material fact, procedural failures, including failure to file a proper motion for continuance and supporting affidavits, are set aside. See Smith v. Smith, 734 So. 2d 1142, 1144–45 (Fla. 5th DCA 1999); Singer, 510 So. 2d at 639.

4th DCA 1993); <u>Singer v. Star</u>, 510 So. 2d 637, 639 (Fla. 4th DCA 1987).

<u>But see</u> <u>Estate of Herrera v. Berlo Indus., Inc.</u>, 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("Summary judgment may be granted, even though discovery has not been completed, when the future discovery will not create a disputed issue of material fact."). The trial court cannot simply ignore a pending deposition of a witness whose testimony would most likely raise a genuine issue of material fact. "Facts upon which the court based its decision were not fully developed because discovery was in progress, and depositions were pending. Summary judgment was therefore premature." <u>Singer</u>, 510 So. 2d at 639.

Accordingly, we reverse the trial court's order granting summary judgment and remand for further proceedings.

Reversed and remanded.